[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Beacon Falls, Connecticut on June 23, 1973. There were three children born, issue of the marriage: Shannon, born March 14, 1977; Patrick, born March 4, 1979; and Rachel born December 31, 1980.
The plaintiff testified that the marriage has broken down irretrievably with no hope of reconciliation. She testified that the defendant called her vile names, that the defendant called the children, dumb, stupid and duck heads, that she prayed and asked the defendant to stop but that he said "so what" — "big deal" and refused to stop, that she asked the defendant to leave and she wanted a divorce, that he got angry and said he would see the plaintiff and the children on the street, that when he had visitation with the children he told them that the plaintiff was a "whore" and a "bitch" and that he told the plaintiff he was going to Shannon's school and start a rumor that he caught the plaintiff in bed "fucking a nigger".
The plaintiff also testified that the children were petrified of the defendant, that Shannon cries and is very emotional about the situation between the parties, and that she said she hopes he will die, that Patrick talks violently about the defendant and says he wants to kill him and that Rachel told him "I hate you Daddy".
The defendant did not deny making these statements. He said, however, that the situation pictured about him was not fair but that "there's truth in it" and he could admit times he was wrong but that what happened, happened.
The court finds that the marriage has broken down irretrievably and that the defendant was solely at fault for the breakdown. The marriage is dissolved.
Custody of the children is awarded to the plaintiff with rights of reasonable visitation in the defendant.
The defendant's Financial Affidavit shows that he has no assets. However, the plaintiff's stepfather, Harold Jones, gave the defendant and his partner for a corporation they formed to carry on the business Mr. Jones had, a pay loader worth 30,000-40,000 dollars. That corporate business failed and the corporation was dissolved. The pay loader is still standing in the area. This machine is worth maybe $25,000. The court finds that the pay loader belongs to the defendant now and should have been listed in the defendant's Financial Affidavit. It should be sold immediately and the net proceeds shall be divided 2/3 to the plaintiff and 1/3 to CT Page 7889 the defendant.
The plaintiff owned a lot given her by Mr. Jones. On this was built the marital home. This was put in the names of both of the parties but the defendant's interest was transferred to the plaintiff to keep it away-from potential creditors of the corporate business of the defendant. The court notes that any work done by the defendant in helping build the home was paid for by Mr. Jones who acted as the contractor for the building of the house. A mortgage was put on the property to pay Mr. Jones for work he had done on the house. This mortgage has been reduced to $13,000. Title to the house is solely in the plaintiff and it is confirmed in her by this Memorandum of Decision, subject to the existing mortgage on the property. The court notes that the defendant owes a large arrearage on the temporary order concerning support and alimony and that the plaintiff had to borrow a large sum from Mr. Jones and her brother to pay the expenses of the household. All these liabilities were taken into consideration by the court in deciding to confirm title to the property solely in the plaintiff and eliminate any claim of the defendant to it.
Each party shall pay the fees of their own attorney.
The defendant shall hold the plaintiff harmless for any liability listed on the note outstanding on the car the defendant is driving listed in his Financial Affidavit as a 1988 Olds Cruise Custom.
The defendant shall pay alimony to the plaintiff in the amount of $55 a week and shall pay support for the children in the amount of $33 a week for each child. This award of support may not follow the guidelines but considering the defendant's financial situation is the only amount deemed possible by the court.
The plaintiff shall take the children as tax exemptions on any income tax returns she is obliged to file.
THOMAS J. O'SULLIVAN, TRIAL REFEREE